David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York

| | |
|---|---|
| Walsh Costigan, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| - against - | ) |
| | ) |
| Jonathon Ende; Bizodo Inc. a/k/a SeamlessDocs Inc. and SeamlessDocs Inc. a/k/a SeamlessDocs, | ) |
| | ) |
| Defendants. | ) |
| | ) |

     Plaintiff, complaining of the Defendant by her attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

**I.      Introduction**

1.     This is an action for unpaid wages and overtime under the Fair Labor Standards Act; the New York Minimum Wage Act and New York Labor Law.   Plaintiff also asserts claims for unpaid and late paid commissions.  Plaintiff also asserts a claim for failure to give proper notice under the Wage Theft Prevention Act.

**II.      Parties**

2.     Plaintiff is a natural person.

3.     Defendant Bizodo Inc. is a Delaware Corporation with its principle place of business in the State of New York, County of New York.

3a.     Defendant SeamlessDocs Inc. is an entity of unknown registration.

3b.     Defendant Jonathon Ende is a natural person and is the principal of the other Defendants.

### III.    Venue and Jurisdiction

4.      The Court has subject matter jurisdiction over this matter in that Plaintiff asserts claim under federal law -- a claim under the Fair Labor Standards Act -- and the remaining claims are part of the same case or controversy.

5.      The Court has personal jurisdiction over the Defendants in that this matter arises from the Defendants' employment of the Plaintiff at its facility which is located in Manhattan.

6.      Venue is appropriate in that this matter in the Southern District in that this matter arises from the Defendants' employment of the Plaintiff at its facility which is located in Manhattan.

### IV.    Background

7.      At all times relevant to this complaint, the Employer operated an internet service business.

8.      Plaintiff was employed by the Defendants (collectively, the "Employer") as a sales representative for approximately 2 1/2 years until her separation from employment in or about September of 2016.  Her agreed-upon rate of pay was a salary plus commission of approximately 10 per cent.

9.      While employed by the Employer, Plaintiff regularly worked in excess of 40 hours per week but was not paid overtime premiums.  Plaintiff's normal workweek was from Monday through Friday from 9:30am to 6:30pm for a total of approximately 45 hours per week.  In addition, Plaintiff regularly attended conventions on behalf of the Employer which entailed substantial additional work.  The most recent such convention was a 3-day convention in Atlantic City, New Jersey in the summer of 2016.

10. The Employer failed to provide Plaintiff with a disclosure pursuant to the Wage Theft Prevention Act.

11. The Employer failed to pay Plaintiff earned and residual commissions and paid some commissions late. More specifically, Plaintiff's negotiated commission rate was 10 percent. A full accounting of the commissions owed to Plaintiff would require inspection of the Employer's books and records, but the amount owing at present is at least $17,000.

**V.    Causes of Action and Demand for Relief**

<u>Count One: Violation of New York Wage & Hour Law</u>

12. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

13. Plaintiff was an employee of the Employer within the meaning of the New York Minimum Wage Act and accompanying regulations.

14. The Employer was an employer within the meaning of those same regulations. In particular, Defendant Ende was an employer in that he acted in the interests of the corporate Defendants. Moreover, Defendant Ende had responsibility for Plaintiff's terms of employment such as her rate of pay and job assignments.

15. The Employer violated the above law and regulations in that it did not properly compensate Plaintiff for the hours and overtime hours she worked.

<u>Count Two: Violation of the Fair Labor Standards Act</u>

16. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

17. Further, in the course of her job duties, Plaintiff regularly made and received telephone calls across state lines.

18. Accordingly, Plaintiff was covered by the Fair Labor Standards Act.

19. The Employer violated the Fair Labor Standards Act in that it did not properly compensate Plaintiff for the hours and overtime hours she worked.

### Count Three: Violation of the Labor Law and Duty to Pay Wages

20. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

21. The Employer violated the Labor Law by failing to pay (or paying late) Plaintiff's commissions and failing to provide disclosure pursuant to the Wage Theft Prevention Act. The former is also a violation of the Employer's duty to pay wages.

WHEREFORE  Plaintiff demand judgment against the Defendant in the amount of her unpaid back wages, overtime and liquidated damages, in an amount not more than $100,000.00 including attorneys fees and costs, and such other and further relief that the Court deems just.

        Respectfully submitted,

        /s/ David Abrams

        David Abrams
         Attorney for Plaintiff
        305 Broadway Suite 601
        New York, NY 10007
        Tel. 212-897-5821
        Fax     212-897-5811

Dated:  December 20, 2016
New York, New York